Richard A. LICHT et al.

v.

Rocco QUATTROCCHI et al.

No. 82–259–Appeal.

Supreme Court of Rhode Island.

July 7, 1982.

Mandell, Aisenberg & Goodman, Ltd., Mark S. Mandell, Martin W. Aisenberg, Jay S. Goodman, Vetter & White, George M. Vetter, Jr., Benjamin V. White III, Providence (in behalf of John A. Holmes, Jr.), for plaintiffs.

Tillinghast, Collins & Graham, Peter J. McGinn, Providence, for Amicus Curiae, Zygmunt J. Friedemann, Matthew J. Smith and Joseph DeAngelis.

Edward L. Maggiacomo, Adler, Pollock & Sheehan, Incorporated, John F. Bomster, Robert D. Wieck, Anthony J. Bucci, Dennis J. Roberts II, Atty. Gen., Donald G. Elbert, Jr., Sp. Asst. Atty. Gen., Providence, for defendants.

ORDER

This case came before us on July 6, 1982, for hearing on the merits of an appeal from a judgment entered in the Superior Court.

After considering the arguments of counsel and the briefs filed by all parties, including briefs of amici curiae, the following order shall enter:

(1) The judgment of the Superior Court is hereby affirmed.

(2) The state need not achieve mathematical perfection in reapportionment, and a maximum deviation of 2.5% above and below the ideal population in a senatorial district may be constitutionally acceptable. However, in this case it was found beyond a reasonable doubt by the trial justice that the deviation was utilized in order to negate the effects of reapportionment by retaining unwarranted senatorial representation control in the cities of Providence and Pawtucket. Consequently, while a justification for such deviation would not be required to be proven by the proponents of the plan under *White v. Regester,* 412 U.S. 755 [93 S.Ct. 2332, 37 L.Ed.2d 314] (1973) and *Gaffney v. Cummings,* 412 U.S. 735 [93 S.Ct. 2321, 37 L.Ed.2d 298] (1973), an affirmative showing by those challenging the plan that the purpose and result of such deviation was to nullify the effects of reapportionment sets forth an ample basis for a finding that there has been a violation of the "one person-one vote" principle.

(3) The reapportionment plan enacted by the General Assembly, P.L.1982, ch. 20, violates the requirement of compactness contained in Article XIX of the amendments to the Constitution of Rhode Island pursuant to the findings of the trial justice that the redistricting of senatorial districts in the city of Providence unnecessarily and improperly crossed natural boundaries and violated the principle of contiguity for impermissible purposes.

(4) The transfer of a substantial number of black voters from their former East Side district to a noncontiguous district largely populated by persons in the city of Pawtucket had the effect of diluting and reducing the effectiveness of the votes of such black voters and constituted, under the totality of circumstances, invidious discrimination against a cognizable racial group. *White v. Regester, supra.*

(5) The judgment of the Superior Court dealt solely with the Senate redistricting plan. Our order relates solely to such plan.

An opinion will follow setting forth in detail the reasons for this order.

BEVILACQUA, C. J., did not participate.